preme Court considered the mitigating evidence and decided to give it little weight.[8] Neither *Tennard,* 542 U.S. at 285, 124 S.Ct. 2562, nor *Eddings,* 455 U.S. at 113–15, 102 S.Ct. 869, requires more.

## Conclusion

Styers has not shown that the Arizona Supreme Court made a decision contrary to, or involving an unreasonable application of, federal law as determined by the Supreme Court of the United States when it deemed his sentence final, refused to remand his case for a jury resentencing, and instead conducted an independent review under its death penalty statute. For these reasons, we **AFFIRM.**

zona Attorney General, Tucson, AZ, for Respondent–Appellee.

## ORDER

THOMAS, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Federal Rule of Appellate Procedure 35(a) and Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

Judges MURGUIA and HURWITZ did not participate in the deliberations or vote in this case.

**Theodore WASHINGTON,
Petitioner–Appellant,**

v.

**Charles L. RYAN, Respondent–
Appellee.**

Nos. 05–99009, 07–15536.

United States Court of Appeals,
Ninth Circuit.

Dec. 31, 2015.

Gilbert Henry Levy, Law Offices of Gilbert H. Levy, Seattle, WA, for Petitioner–Appellant.

Laura Chiasson, Esquire, Assistant Attorney General, AGAZ–Office of the Ari-

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elven Joe SWISHER, Defendant–
Appellant.**

No. 11–35796.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted En
Banc Sept. 9, 2015.

Filed Jan. 11, 2016.

---

8. To the extent that Styers argues that the determination that his PTSD did not affect him at the time of the crime was an unreasonable determination of the facts in light of the evidence presented in the State court proceeding under 28 U.S.C. § 2254(d)(2), we decline to expand the certificate of appealability.